**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HONG WU NI, | No. 12-72276 |
| Petitioner, | Agency No. A089-978-715 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH , Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[**] Senior
District Judge.

Petitioner Hong Wu Ni, a native and citizen of the People's Republic of

China, seeks review of a final removal order issued by the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael A. Ponsor, Senior District Judge for the U.S.
District Court for Massachusetts, sitting by designation.

Appeals ("BIA") on June 22, 2012. We have jurisdiction under section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252 ("the Act").

For the reasons set forth below, we grant the petition in part, and we remand to the BIA for reconsideration in light of our decisions in *Nai Yuan Jiang v. Holder,* 611 F.3d 1086 (9th Cir. 2010), which petitioner's attorney failed to cite and the BIA did not address.

Two preliminary issues may be disposed of quickly.

First, the claims for review of the BIA's denial of Ni's application for withholding of removal under section 241(b)(3) of the Act, or for protection under the Convention Against Torture, will be dismissed. Ni raised no argument in his opening brief asserting error in either of these decisions. These claims have therefore been waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996); *see* Fed. R. App. P. 28(a)(8)(a).

Second, any argument asserting error by the Immigration Judge in his negative assessment of Ni's credibility is moot; the BIA assumed the petitioner's credibility.

Ni's central argument, however -- that he is eligible for asylum because he has suffered persecution based on his resistance to China's coercive population control program -- warrants further review by the BIA in light of *Jiang*.

2

In *Jiang,* the court addressed an application for asylum based on facts strikingly similar to those here and found that Jiang had established past persecution by exhibiting "other resistance" to China's coercive population control program as recognized in *Matter of J-S-*, 24 I & N. Dec. 520 (Att'y Gen. 2008). *Jiang*, 611 F.3d at 1095-96. There, as here, petitioner and his wife were not permitted to marry officially due to their ages, the couple lived together in violation of the law, the women in both cases were involuntarily removed from their homes, the men were forcibly restrained to prevent them from interfering with their wives' removal, the women were compelled immediately upon their removal to undergo abortions, and both couples were assessed and paid fines for violating the law. *Id.* at 1089-90.

The facts of the case now before us appear to be more serious than those presented in *Jiang*. Here, petitioner physically resisted the officers at the time they were taking his wife away and was beaten both during and after her removal.

We now remand to the BIA to reconsider, in light of *Jiang*, whether petitioner engaged in "other resistance" to China's coercive population control program and, if so, whether as a result of that resistance he suffered past persecution or has a well-founded fear of future persecution based on his

3

resistance. For the reasons set forth above, we dismiss petitioner's claims for withholding of removal or for protection under the under the CAT.

**PETITION DISMISSED in part and GRANTED in part; REMANDED.**

*Ni v. Lynch*
No. 12-72276

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent. In my view, the events recounted by Hong Wu Ni do not rise to the level of persecution. I do not agree with the majority that the facts of this case are similar to those we considered in *Nai Yuan Jiang v. Holder*, 611 F.3d 1086 (9th Cir. 2010). In *Jiang*, we referenced petitioner's "persistent defiance of the coercive population control policy," even after the forced abortion. *Id*. at 1094-1095. In contrast, Ni presented no evidence of post-abortion defiance on his part.

Since our decision in *Jiang*, we have clarified that a petitioner who seeks asylum due to his spouse's forced abortion, "must show substantial evidence of further persecution in support of his claims." *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Because Ni presented no "evidence of further persecution," *id*., the BIA properly dismissed his appeal. As in *He*, no remand is warranted, considering Ni's failure to present sufficient evidence of persecution. *See id*. at 796-98.